IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KAREN NICOLAI as CLERK OF THE CIRCUIT COURT IN AND FOR HERNANDO COUNTY, FLORIDA, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FEDERAL HOME LOAN MORTGAGE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally Chartered corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, A federally chartered corporation,<br><br>Defendants. | CASE NO.: |

## CLASS ACTION COMPLAINT

### I. NATURE OF ACTION

**COMES NOW** the Plaintiff, Karen Nicolai as Clerk of the Circuit Court in and for Hernando County, Florida, on behalf of Hernando County, Florida, and on behalf of all others similarly situated (hereinafter "Plaintiffs"), in the above-styled case, by and through undersigned counsel, and state the following as their Complaint against Defendants.

This is a civil action including individual and civil class actions claims for unpaid taxes under Florida Law.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over all claims encompassed within this controversy, by virtue of Florida Constitution Article V. The Plaintiff is the duly elected Clerk of the Circuit Court in and for Hernando County, Florida, and her office is physically located in Hernando County, Florida. Defendants' property is located in Hernando County, Florida and Defendants' transact business in Hernando County, Florida wherein their product was sold, distributed, disseminated, applied and dispersed. The harm alleged is also located in Hernando County, Florida. The property damage occurred in Hernando County, Florida. The amount in controversy exceeds $75,000.

## III. PLAINTIFFS

2. The Plaintiff, the Clerk of the Circuit Court in and for Hernando County is an office created by the Constitution of the State of Florida, Article V, Section XVI, and Karen Nicolai has been duly elected to serve as said Clerk of the Circuit Court in and for Hernando County, Florida, and; the duties of the Clerk of the Circuit Court include but are not limited to: *"serving as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."* Defendant Federal National Mortgage Association ("Fannie Mae") is a federally chartered corporation with its principal place of business in Washington D.C. Defendant Federal Home Loan Mortgage corporation ("Freddie Mac") is a federally chartered corporation with its principal place of business in McLean, Virginia. Defendant Federal Housing Finance Agency ("FHFA") is an agency of the United States with its principal place of business in Washington D.C. The parties are citizens of different states and the amount in controversy exceeds $75,000. As a result, this Court has jurisdiction pursuant to 28 USC § 1332.

3. In addition, this case requires the interpretation of federal law in order to adjudicate Plaintiffs' state law claims. As a result, this Court has jurisdiction pursuant to 28 USC § 1331.

4. Plaintiffs are located in this judicial district, Defendants do business in this judicial district and Plaintiffs' claim arises out of Defendants' activities in this district. As a result, venue is proper in this district.

### IV. CLASS ACTION ALLEGATIONS

5. Plaintiff(s) bring this action on their own behalf and, pursuant to FRCP 23, on behalf of a class of persons defined as any Florida county which has recorded a deed or other conveyance from Defendants Fannie Mae or Freddie Mac where those Defendants have claimed they are exempt from the Florida Transfer Tax.

6. The members of the class are so numerous that joinder of all members is impracticable. The total number of class members is believed to include all Florida counties. There are 67 counties in Florida.

7. The questions of law and fact common to the class is whether Defendants Fannie Mae and Freddie Mac qualify for the exemptions they claim from the Florida Transfer Tax.

8. The claim of Plaintiffs and the absent class members have a common origin and share a common basis. Their claim originates from the same practice by Defendants Fannie Mae and Freddie Mac and Defendants act in the same way toward Plaintiffs and the members of the class. Consequently, the named Plaintiffs and each class member has been the victim of Defendants' actions.

9. Plaintiffs' claim is typical of the claim of absent class members. If brought individually, the claim of each class member would necessarily require proof of the same material and substantive facts, and seek the same remedies.

10. The Plaintiffs are willing and prepared to serve the Court and the proposed class in a representative capacity. The Plaintiffs will fairly and adequately protect the interest of the class and has no interest adverse to, or which directly and irrevocably conflicts with, the interest of other members of the class.

11. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims by the class members are impractical as the costs of prosecution may exceed what any class member can afford. Members may opt out of this class action and pursue their separate claims, as may any class member who so chooses to opt out after receiving notice.

### V. **PLAINTIFFS' CLAIM**

12. Pursuant to Florida statute, the grantor in a real estate transaction is to pay to the county Treasurer a real estate transfer tax when an interest for real estate is transferred to another party (the "Transfer Tax"). Documentary stamp tax is payable by either party to the transaction if both grantor and grantee are not exempt from said tax, then both are responsible for the payment of said tax.

13. Defendants Fannie Mae and Freddie Mac have been the grantors and grantees in many real estate transactions in Florida in which they have recorded documents of transfer with the Register of Deeds and have not paid the Transfer Tax.

14. Defendants Fannie Mae and Freddie Mac have not paid the Transfer Tax because they have claimed on the face of the documents they have recorded that the transaction is exempt from the Transfer Tax. They sometimes claim the transaction is exempt because they are government entities and, under Florida statute, government entities are exempt. Other times they claim they are exempt pursuant to federal statute. Evidence of the allegations set forth herein are public record held by the Clerk of Court in and for Hernando County, Florida.

15. Neither claimed exemption applies. Defendants Fannie Mae and Freddie Mac are federally chartered private corporations and not government entities. Defendants' federal law exemption from certain taxes does not include the Transfer Tax.

16. Defendants Fannie Mae and Freddie Mac have failed to pay the Transfer Tax as required by law. As a proximate result, Plaintiffs have been damaged. Among other things, Plaintiffs are entitled to the Transfer Tax that should have been paid and statutory interest for failure to pay the Transfer Tax pursuant to Florida statute and law.

17. The claim by Defendants Fannie Mae and Freddie Mac that they are exempt from the Transfer Tax was negligent, intentional, wanton, and/or intended to defraud and Plaintiffs are entitled to the penalties prescribed by Florida statute and law.

18. Defendant FHFA is the Conservator of Defendants Fannie Mae and Freddie Mac. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiffs seek judgment against Defendant FHFA.

**WHEREFORE**, Plaintiffs pray that this Honorable court do the following:

A. Declare that Defendants are subject to the Transfer Tax;

B. Award Plaintiffs damages in an amount to be determined by the trier of fact;

C. Award Plaintiffs statutory interest and penalties;

D. Award Plaintiffs their costs, prejudgment interest and attorney fees; and

E. Grant such other relief as is just and proper.

This 14th day of June, 2012.

                                  Respectfully submitted,

                                  _s/George G. Angeliadis_____
                                  George G. Angeliadis, Esquire
                                  Bar Number: 29402
                                  Attorney for Plaintiffs
                                  THE HOGAN LAW FIRM
                                  Post Office Box 485
                                  Brooksville, Florida 34605
                                  Phone: (352) 799-8423
                                  Fax: (352) 799-8294
                                  Email: george@hoganlawfirm.com

**OF COUNSEL**:
Joshua R. Gale, Esquire
Florida Bar # 63283
WIGGINS, CHILDS, QUINN & PANTAZIS LLC
101 N. Woodland Blvd. Ste. 600
DeLand, Florida 32720
Phone: (386) 675-6946
Fax: (386) 675-6947
Email: jgale@wcqp.com

**DEFENDANTS' ADDRESSES:**

**Service via Certified Mail:**

Federal Housing Finance Agency, as Conservator for Federal National Mortgage Association
d/b/a/ Fannie Mae
3900 Wisconsin Avenue, NW
Washington, DC 20016-2892

Federal National Mortgage Association
d/b/a/ Fannie Mae
3900 Wisconsin Avenue, NW
Washington, DC 20016-2892

Federal Home Loan Mortgage Corporation
d/b/a/ Freddie Mac
8200 Jones Branch Drive
McLean, Virginia 22102